In its opinion of January 21, 1972 (197 Ct. Cl. 118, 455 F. 2d 546) on cross-motions for summary judgment, the court considered the issues of materiality of defendant’s breach and of claimed waiver by plaintiff of that default, holding that defendant’s breach due to non-payment was material and total, justifying plaintiff in considering the contract for helium purchase by the Government at an end, and that plaintiff had not waived the breach. On September 27, 1972 the court issued the following order:
This case comes before the court on plaintiff’s motion, filed September 12, 1972, to mitigate damages and conserve 'helium and has been considered, together with defendant’s reply and plaintiff’s response, without oral argument.
Insofar as plaintiff’s motion seeks to bring about the mitigation of damages, the court sees no need to compel defendant, against its will, to take that course; if the defendant volun- *999 ta>rily elects not to mitigate damages, any financial detriment it may ultimately suffer will be of its own choosing. On the other hand, plaintiff’s interests, to the extent it prevails with respect to damages and recovers a monetary judgment, will be fully protected by the judgment, and will not be harmed by the failure of the defendant to continue to receive and store helium. To the extent that plaintiff may not prevail with respect to damages, the court sees no adequate reason, appropriate to this case and within its powers, to compel defendant to continue to receive and store helium for plaintiff’s benefit (as non-prevailing party) since plaintiff’s own papers (see especially pp. 3-5 of “Plaintiff’s Response to Defendant’s Reply to Plaintiff’s Motion to Mitigate Damages and Conserve Helium”, filed Sept. 26, 1972) indicate that plaintiff has decided that there is “no business justification for it to store any more helium for the short term or any helium at all for the long term.”
The issue thus resolves itself into one solely of the need to continue the storage of helium for general purposes of conservation. That is a very important matter 'but not one upon the basis of which the court is authorized to enter a compulsory order where, as here, it is not necessary or appropriate for the particular case before us which involves only a monetary claim by the plaintiff for breach of contract. Public Law 92-415, 86 Stat. 652, together with the law existing prior to that statute, does not empower this court to enter such a specific mandatory order solely on grounds of conservation, no matter how great those needs may be.
IT IS THEREFORE ORDERED that plaintiff’s said motion be and the same is denied.
BY THE COURT
(Sgd.) Wilson Cowen Chief Judge